## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**MATTHEW L. FAISON,**

     **Plaintiff,**

**vs.**                   **CASE NO. 4:22-cv-00441-MW-MAF**

**COURIEL, GROSSHANS,**
**LABARGA, POLSTON,**
**et al.,**

     **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, Matthew L. Faison, a state prisoner[1] proceeding *pro se*, filed a request for mandamus pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 1361. ECF No. 1. Plaintiff did not pay the requisite filing fee and did not file a motion to proceed *in forma pauperis* (IFP).

The Court screened Plaintiff's complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff, no stranger to the federal courts, is a three-striker under the Prison Litigation Reform Act (PLRA) who did not pay the $402 filing fee at the time he initiated this case and fails to meet the imminent danger exception; therefore, this case should be dismissed.

---

[1] Plaintiff is currently housed at Wakulla Correctional Institution and is serving a 99-year sentence. Plaintiff was sentenced in 1979 for kidnapping, burglary, and sexual assault.

## I.    Plaintiff is a Three-Striker under the PLRA

The PLRA prohibits a prisoner from bringing forward a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To invoke the exception to § 1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient. See also Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008) ("Congress was deliberate in leaving an exception for claims of imminent threat of serious physical injury when it enacted the three-strikes provision that screens out all other IFP suits as part of the PLRA.").

In order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit, not at the time of the alleged incident that serves as

the basis for the complaint. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger). "The proper procedure is for the district court to dismiss the complaint without prejudice." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam).

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of certain federal actions previously brought by Plaintiff, while he was a prisoner under the PLRA, which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Plaintiff is a vexatious litigant who, since the 1980s, has filed dozens of lawsuits. The Court need not list every "strike" Plaintiff incurred over a period of approximately forty years. Plaintiff has "strikes" throughout the federal courts in Florida, as well as the Eleventh Circuit Court of Appeals:

1. Faison v. Jackson v. Crosby, Case No. 3:99-cv1085-HES (M.D. Fla. Nov. 3, 1999) (case dismissed for abuse of the judicial process);

2. Faison v. Sundance Land Corp., Case No. 2:99-cv-569-JES-SPC (M.D. Fla. Dec. 20, 1999) (dismissed for failure to state a claim);

3. Faison v. Crockett, Case No. 4:02-cv-157-WS (N.D. Fla. May 24, 2002) (dismissed as frivolous);

4. <u>Faison v. Crockett</u>, No. 02-14026-J (11th Cir. Dec. 23, 2002) (appeal dismissed as frivolous).

The foregoing cases may be positively identified as having been filed by Plaintiff because they bear his inmate number, 038634.

On multiple occasions, this Court acknowledged that Plaintiff is a "three-striker." <u>See</u> <u>Faison v. Ellis</u>, Case No. 3:04-cv-69- RV-MD (N.D. Fla. Apr. 26, 2004); <u>Faison v. U.S. Att'y Gen.</u>, Case No. 5:09-cv-404-RS-AK (N.D. Fla. Mar. 9, 2010); <u>Faison v. Guerra</u>, Case No. 3:18-cv-158-MCR-EMT (N.D. Fla. Mar. 1, 2018); and <u>Faison v. Global Experts Outsourcing, et al.</u>, Case No. 3:20-cv-05828-LC-EMT (N.D. Fla. Oct. 7, 2020). The same is true of the Southern District of Florida, which acknowledged Plaintiff has at least ten strikes there. <u>See</u> <u>Faison v. City of Miami Police Dep't., et al.</u>, Case No. 1:05-cv-21172-UU (S.D. Fla. May 5, 2005) (dismissed pursuant to Section 1915(g)).

Because Plaintiff is a three-striker, the complaint should be dismissed unless he paid the fee at the time of filing or can meet the imminent danger exception. Plaintiff cannot meet the imminent danger exception. The complaint seeks the recusal of four justices of the Florida Supreme Court. ECF No. 1. Plaintiff provides no explanation why the justices should recuse themselves; he just invokes 28 U.S.C. § 144 and 28 U.S.C. § 1361. However, these federal statutes provide no basis for jurisdiction over state officials or

state judges. Respectively, the statutes would offer a basis to demand the recusal of federal judges and a mandamus action to compel an officer of the United States or an agency thereof to carry out their official duty. In short, not only does Plaintiff fail to meet the imminent danger exception, the complaint fails to state a claim.

## II.    Failure to Pay the Filing Fee

As a "three-striker," Plaintiff knows he is obligated to pay the fee at the time of filing and that failure to do so results in a dismissal; previously, he had cases dismissed for that reason. Still, Plaintiff initiated this action without paying the fee or filing an IFP motion.

A prisoner who is barred from proceeding IFP must pay the filing fee at the time he initiates his lawsuit; and his failure to do so warrants dismissal of his case without prejudice. Dupree, 284 F.3d at 1236 ("the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). There is no reason to diverge from that procedure here. If Plaintiff has a claim against state officials, then he should

initiate a separate action **and pay the filing fee simultaneously, unless he meets the imminent danger exception.**

III.   **Conclusion and Recommendation**

It is respectfully **RECOMMENDED** that the case **be DISMISSED WITHOUT PREJUDICE** under the three-strikes provision of 28 U.S.C. § 1915(g) because Plaintiff did not pay the filing fee at the time he initiated this case, fails to meet the imminent danger exception, and fails to state a claim. It is further **RECOMMENDED** that the case be **CLOSED.**

IN CHAMBERS at Tallahassee, Florida, on December 22, 2022.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).